UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  24-60155-CR-LEIBOWITZ

UNITED STATES OF AMERICA,

       Plaintiff,

v.

CARLOS JOSE ABREU,

       Defendant.
_____

## DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on August 23, 2024, the undersigned held a hearing to determine whether Defendant Carlos Abreu should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure Defendant's appearance at trial.   Therefore, it is hereby ordered that Defendant Abreu be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), this Court hereby makes the following findings of fact and statement of reasons for the detention:

1. **18 U.S.C. § 3142(g)(1) -- Nature and Circumstances of the Offense.** The Defendant is charged by way of indictment with three counts of making a false statement on a passport application and one count of aggravated identity theft, in violation of 18 U.S.C. §§ 1542 and 1028A(a)(1).  The false statement charges each carry a maximum penalty of ten years in prison.   The aggravated identity theft count carries a mandatory consecutive two-year prison sentence.   There is no rebuttable presumption in this case, nor are the charges normally "eligible" charges for a pretrial detention request

under 18 U.S.C. § 3142(f)(1).   Rather, the Government seeks detention under 18 U.S.C. § 3142(f)(2)(A), arguing that Mr. Abreu poses a serious risk of flight.   18 U.S.C. § 3142(e)(3)(D).

2.   **18 U.S.C. § 3142(g)(2) -- Weight of the Evidence**.   The weight of the evidence against this Defendant is strong.   At the hearing, the Government proceeded by way of proffer, with State Department Diplomatic Security Special Agent Ryan Anderson then made available for cross-examination.   The evidence shows that on October 2, 2021, Abreu submitted three separate passport applications, one for himself and one for each of his two children.   In each application, Abreu represented that his name was C.R.V., when in fact he knew that this was not his real identity.   Abreu had previously applied for a passport in this name in 2008.   At that time, the State Department requested more information and placed a hold on the application.   In 2021, when Abreu applied again using that name, the application was flagged for investigation. Investigation revealed that C.R.V. is a real person, a U.S. citizen born in Puerto Rico, who does not know Abreu and never gave Abreu permission to use his identity.   Abreu was born in the Dominican Republic and has no legal statues here.   Abreu also obtained a Florida driver's license and a Pennsylvania driver's license in C.R.V.'s name and applied for a PPP loan in this name.   Abreu was located and arrested.   Post-*Miranda*, he ultimately admitted that Abreu was his true name, and that he is not a U.S. citizen.   18 U.S.C. § 3142(g)(2).

3.   **18 U.S.C. § 3142(g)(3) -- History and Characteristics of the Defendant.**   Carlos Abreu was born in 1979 in the Dominican Republic.   He reports

living in South Florida since 2015.  He is married and has two minor children who live with him in Sunrise.  His parents live in New Jersey.  He has four siblings who also live in New Jersey.  Abreu completed ninth grade and is fluent in Spanish and English.  For the last three years, he has worked as a quality assurance technician at Bluestream Fiber.  He is in excellent physical health and has no history of mental health treatment or substance abuse.  Abreu has an active extraditable warrant out of New Jersey from 2008 for failure to appear, kidnapping, sexual assault and endangering the welfare of a child.  He has no other significant criminal history.  He has no immigration status in the United States and is subject to removal.  18 U.S.C. § 3142(g)(3)(A) and (B).

4. **18 U.S.C. § 3142(g)(4) -- Danger to any Person or the Community.** There has been no evidence or argument presented indicating Abreu poses a danger to the community.  However, based upon the nature and circumstances of the offense, Defendant's lack of status in the United States, his ties to a foreign country, the presence of an active warrant for very serious criminal charges in another state, and the likelihood of removal from the U.S. following disposition of this matter, the undersigned finds that Defendant has little incentive to appear for trial and therefore presents a serious risk of flight.  18 U.S.C. § 3142(g)(4).

5. Based upon the above findings of fact, which were supported by clear and convincing evidence, this Court specifically finds that there are no conditions or combination of conditions which reasonably will assure Defendant's appearance as required.  18 U.S.C. § 3142(e).

The Court hereby directs:

      (a)  That Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

      (b)  That Defendant be afforded reasonable opportunity for private consultation with counsel; and

      (c)  That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Ft. Lauderdale, Florida, this 3rd day of September, 2024.

Copies to:    All counsel of record

                                            PATRICK M. HUNT
                                            UNITED STATES MAGISTRATE JUDGE